IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **Johnnie Hogan,**<br><br>Plaintiff,<br><br>v.<br><br>**Deere and Company (d/b/a John Deer Des Moines Works), Camile Colon, Jake Oakland, and Kristi Christensen,**<br><br>Defendants. | Case No. 4:22-cv-00405-SMR-HCA<br><br>**Defendants Deere and Company d/b/a John Deere Des Moines Works, Camile Colon, and Kristi Christensen's Answer and Affirmative Defenses** |

COMES NOW Deere and Company d/b/a John Deere Des Moines Works ("Deere"), Camile Colon, and Kristi Christensen and for their Answer and Affirmative Defenses to Plaintiff's Complaint state as follows:

## NATURE OF THE CASE

1. This is an action under and pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981.

**ANSWER: Defendants admit Paragraph 1 of Plaintiff's Complaint in that this action is brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981. Defendants deny any violation of either statute.**

2. Under Title VII and 42 U.S.C. 1981, Plaintiff is protected from discriminatory practices based on his race and his skin color.

#3415184 v.2

**ANSWER: Defendants admit Paragraph 2 of Plaintiff's Complaint. Defendants deny any violation.**

## PROCEDURAL REQUIREMENTS

3. Plaintiff Hogan filed his race and skin color discrimination complaint with the Iowa Civil Rights Commission and Equal Employment Opportunity Commission on March 25, 2021, within the 300-day limitations period from the last discriminatory act alleged.

**ANSWER: Defendants admit Paragraph 3 of Plaintiff's Complaint in that the Plaintiff filed a complaint on March 25, 2021 but deny that the allegations alleged therein were timely.**

4. On September 7, 2022, less than ninety days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued a Right to Sue Letter.

**ANSWER: Defendants admit Paragraph 4 of Plaintiff's Complaint.**

5. Plaintiff filed a second complaint alleging further retaliation with the Iowa Civil Rights commission on March 11, 2022, within the 300-day limitations period from the last discriminatory act alleged. Plaintiff has not yet received his Right to Sue Letter on this complaint from the Equal Employment Opportunity Commission.

**ANSWER: Defendants admit Paragraph 5 of Plaintiff's Complaint in terms of the date of filing and deny for lack of information whether Plaintiff has his Right to Sue Letter.**

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under federal law.

**ANSWER: Defendants admit Paragraph 6 of Plaintiff's Complaint.**

7. Venue in the Southern District Court in Iowa is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in Polk County, Iowa.

**ANSWER: Defendants admit Paragraph 7 of Plaintiff's Complaint.**

## PARTIES

8. Plaintiff Johnnie Hogan is a black male, and all times material hereto, was a citizen and resident of Polk County, Iowa.

**ANSWER: Defendants admit Paragraph 8 of Plaintiff's Complaint.**

9. At all times material hereto, Defendant John Deere was a corporation organized and existing under the laws of the state of Delaware and permitted to do business in Iowa, doing business as John Deere Des Moines Works in Ankeny, Iowa.

**ANSWER: Defendants admit Paragraph 9 of Plaintiff's Complaint.**

10. At all times material hereto, Defendant Colon was a citizen and resident of Polk County, Iowa, and was employed by Defendant John Deere as a Production Supervisor.

**ANSWER: Defendants admit Paragraph 10 of Plaintiff's Complaint in that Colon was a Production Supervisor until May 2022; Colon holds a different position in Deere and is now located in North Carolina.**

11. At all times material hereto, Defendant Oakland was a citizen and resident of Polk County, Iowa, and was employed by Defendant John Deere as a Manufacturing Supervisor.

**ANSWER: Defendants admit that Oakland was employed as a Manufacturing Supervisor for a period of time. Defendants make no response further response to Paragraph 11 of Plaintiff's Complaint as it does not contain allegations leveled at Defendants.**

12. At all times material hereto, Defendant Christensen was a citizen and resident of Polk County, Iowa, and was employed by Defendant John Deere as an Operations Manager.

**ANSWER: Defendant admit Paragraph 12 of Plaintiff's Complaint.**

13. Under the doctrine of *respondeat superior*, Defendant John Deere is legally liable for any damages caused to Plaintiff by the conduct of Defendants Colon, Oakland, and Christensen, or in the alternative, under the principles of ostensible agency, Defendant John Deere is legally liable for any damages caused to Plaintiff by the conduct of Defendants Colon, Oakland, and Christensen.

**ANSWER: Defendants deny Paragraph 13 of Plaintiff's Complaint.**

## FACTUAL BACKGROUND

14. Plaintiff Johnnie Hogan is African American. He is a member of a protected class based on his race. Plaintiff's skin color is black. He is a member of a protected class based on his skin color.

   **ANSWER: Defendants admit Paragraph 14 of Plaintiff's Complaint.**

15. Plaintiff began working for Defendant John Deere on September 7, 2010, as an assembler.

   **ANSWER: Defendants admit Paragraph 15 of Plaintiff's Complaint.**

16. Plaintiff has worked for Defendant John Deere for the last 12 years and has worked in numerous departments during his tenure.

   **ANSWER: Defendants admit Paragraph 16 of Plaintiff's Complaint.**

17. Defendant John Deere has allowed a culture of racism to flourish and thrive within the Des Moines Works facility.

   **ANSWER: Defendants deny Paragraph 17 of Plaintiff's Complaint.**

18. Plaintiff Johnnie Hogan has been insulted, harassed, belittled, humiliated, and excluded all because he is a black male.

   **ANSWER: Defendants deny Paragraph 18 of Plaintiff's Complaint.**

19. Plaintiff Johnnie Hogan was rarely referred to by his own name, and instead, was referred to by racist slurs and nicknames.

   **ANSWER: Defendants deny Paragraph 19 of Plaintiff's Complaint.**

20. When Plaintiff first began working for Defendant John Deere, he was called "a stupid fucking nigger" on his first day at work.

   **ANSWER: Defendants deny Paragraph 20 of Plaintiff's Complaint.**

21. Similar conduct continued to occur throughout Plaintiff's entire employment. He tried to ignore this conduct until 2019, when the cumulative impact of the racist harassment resulted in his complaint to appropriate personnel.

**ANSWER: Defendants deny Paragraph 21 of Plaintiff's Complaint.**

22. In 2019, Plaintiff's co-worker Jeremey Wentzel dubbed Plaintiff "the angry black man," and soon, many of Defendant's employees referred to Plaintiff by this cruel nickname.

**ANSWER: Defendants deny Paragraph 22 of Plaintiff's Complaint.**

23. In December 2019, Plaintiff voluntarily bid into department D17 where he was supervised by Stacey Alger.

**ANSWER: Defendants admit that at one point Plaintiff was supervised by Stacy Alger.**

24. Plaintiff experienced daily harassment in department D17 from his supervisors and coworkers.

**ANSWER: Defendants deny Paragraph 24 of Plaintiff's Complaint.**

25. On December 20, 2019, Alger requested to see the Plaintiff in his office.

**ANSWER: Defendants deny Paragraph 25 of Plaintiff's Complaint.**

26. Once Plaintiff arrived, Alger showed Plaintiff a picture of a bi-racial baby and asked, "Which one of your cousins or homies got ahold of my baby?" and then laughed when Plaintiff said nothing.

**ANSWER: Defendants deny Paragraph 26 of Plaintiff's Complaint.**

27. On January 6, 2020, Wentzel and Alger announced that "the angry black man is here" when Plaintiff arrived at a morning meeting.

**ANSWER: Defendants deny Paragraph 27 of Plaintiff's Complaint.**

28. On January 27, 2020, Plaintiff's co-workers Jeremy Wentzel, Ted Brown, and Bob Whylie called Plaintiff an angry black man and joked about eating fried chicken during Plaintiff's lunch break.

**ANSWER: Defendants deny Paragraph 28 of Plaintiff's Complaint.**

29. The racist stereotype of African Americans enjoying fried chicken can be traced back to materials produced and distributed by the Ku Klux Klan.

**ANSWER: Defendants deny Paragraph 29 of Plaintiff's Complaint.**

30. On February 4, 2020, Ted Brown asked Plaintiff if he ever worked in the cotton industry. When Plaintiff responded "yes," Brown said, "It's good you and your ancestors have something in common" referring to enslaved people who were forced to pick cotton.

**ANSWER: Defendants deny Paragraph 30 of Plaintiff's Complaint.**

31. On March 11, 2020, Wentzel asked Plaintiff to teach him how to make cornbread because his "wife really likes black people cornbread."

**ANSWER: Defendants deny Paragraph 31 of Plaintiff's Complaint.**

32. The types of racist comments listed above occurred on a daily basis and Plaintiff always made it known that these comments were unwelcome and unacceptable in the workplace.

**ANSWER: Defendants deny Paragraph 32 of Plaintiff's Complaint.**

33. In November 2020, Plaintiff bid to transfer to Department 40A to try and escape the daily harassment.

**ANSWER: Defendants admit Plaintiff bid to transfer and deny the remaining allegations of Paragraph 33.**

34. Before the transfer was approved, Plaintiff continued to be harassed in Department D17.

**ANSWER: Defendants deny Paragraph 34 of Plaintiff's Complaint.**

35. On November 16, 2020, Plaintiff made a complaint to one of Defendant Deere's Civil Rights Liaisons, Andrew Thomas, about the racist harassment through Defendant John Deere's compliance hotline.

**ANSWER: Defendants deny Paragraph 35 of Plaintiff's Complaint.**

36. Nothing happened as a result of this complaint.

**ANSWER: Defendants deny Paragraph 36 of Plaintiff's Complaint.**

37. On December 7, 2020, Alger made threats of violence against Plaintiff saying that Plaintiff "needed to be chained to a dock."

**ANSWER: Defendants deny Paragraph 37 of Plaintiff's Complaint.**

38. Also on December 7, 2020, Ray Jacobs told Plaintiff that he would never be found if Jacobs threw the Plaintiff into a box of black machine parts.

**ANSWER: Defendants deny Paragraph 38 of Plaintiff's Complaint.**

39. On December 23, 2020, Jacobs also made threats towards Plaintiffs young children, joking that he "left them in the pool this morning" to drown.

**ANSWER: Defendants deny Paragraph 39 of Plaintiff's Complaint.**

40. When Plaintiff began working in Department 40A in January 2021, he was met with more racism and bigotry.

**ANSWER: Defendants deny Paragraph 40 of Plaintiff's Complaint.**

41. While in Department 40A, Plaintiff was also regularly referred to as "boy" even though he is a grown adult because Alger and co-workers Hoa Leung and Anthony Stewart thought it was funny to talk to Plaintiff as if he were enslaved and they were his masters.

**ANSWER: Defendants deny Paragraph 41 of Plaintiff's Complaint.**

42. Throughout early 2021, Plaintiff was constantly called "the angry black man" and was continually referred to as a "Nigger" by his coworkers and supervisors.

**ANSWER: Defendants deny Paragraph 42 of Plaintiff's Complaint.**

43. On March 1, 2021, Plaintiff complained again to the Defendant's own hotline about the racism he was experiencing on a daily basis.

**ANSWER: Defendants deny Paragraph 43 of Plaintiff's Complaint.**

44. On March 5, 2021, Plaintiff then complained to Shannon McGee, Defendant's Head of Labor Relations, specifically about Alger's harassment.

**ANSWER: Defendants admit Paragraph 24 of Plaintiff's Complaint.**

45. Alger was terminated following this complaint.

**ANSWER: Defendants admit that Deere conducted an investigation after receiving Plaintiff's complaints about Alger and that Alger's employment was terminated after the complaints and investigation.**

46. Following Alger's termination, Plaintiff's other coworkers and supervisors began to avoid him.

**ANSWER: Defendants deny Paragraph 46 of Plaintiff's Complaint.**

47. Defendant Christensen, Operations Manager at Defendant John Deere, began to ignore the Plaintiff and walk away from him when he would try to talk to her.

**ANSWER: Defendants deny Paragraph 47 of Plaintiff's Complaint.**

48. Other employees would refuse to talk to Plaintiff without a witness present because they said they feared he would try to have everyone terminated. Plaintiff just wanted to work in a harassment free environment.

**ANSWER: Defendants deny Paragraph 48 of Plaintiff's Complaint.**

49. On March 25, 2021, Plaintiff filed a complaint with the Iowa Civil Rights Commission hoping to put an end to the harassment and exclusion.

**ANSWER: Defendants admit that Plaintiff filed a complaint with the Iowa Civil Rights Commission. Defendants lack information sufficient to admit or deny the remaining allegations of Paragraph 49.**

50. In April 2021, a coworker named Shannon McGee told Plaintiff he would not speak with him because of Plaintiff's complaints about harassment. Plaintiff and McGee were amicable prior to this incident.

**ANSWER: Defendants deny Paragraph 50 of Plaintiff's Complaint.**

51. Since Plaintiff filed his Civil Rights complaint, he has still been called by racist and derogatory names.

**ANSWER: Defendants deny Paragraph 51 of Plaintiff's Complaint.**

52. Plaintiff's supervisors, Defendants Colon, Oakland, and Christensen began to over-supervise him and harass him over menial matters.

**ANSWER: Defendants deny Paragraph 52 of Plaintiff's Complaint.**

53. Defendants Colon, Oakland, and Christensen would observe Plaintiff and take meticulous notes about Plaintiffs activities, such as how much time he would spend in the bathroom.

**ANSWER: Defendants deny Paragraph 53 of Plaintiff's Complaint.**

54. Defendants Oakland and Colon would yell at Plaintiff and harass him over acts that they would not yell at other employees over.

**ANSWER: Defendants deny Paragraph 54 of Plaintiff's Complaint.**

55. Defendants Colon, Oakland, and Christensen would visit Plaintiff at his workspace eight to twelve times during his shift, far more often than any other assemblers.

**ANSWER: Defendants deny Paragraph 55 of Plaintiff's Complaint.**

56. On June 15, 2021, Defendant Colon repeatedly told Plaintiff to work harder and work faster even though he has never had issues with his work performance or meeting deadlines.

**ANSWER: Defendants deny Paragraph 56 of Plaintiff's Complaint.**

57. On July 16, 2021, an employee named Ralph Swink came into the work area holding a motorcycle helmet with Confederate flags and imagery printed on it. Swink then referred to another employee, Michelle Brown, as "a stupid nigger" because she is Black.

**ANSWER: Defendants admit that the employee brought the helmet into the factory and made an inappropriate comment about a supervisor, and that the employee was terminated based on such conduct. Defendants deny the remaining allegations in Paragraph 57 of Plaintiff's Complaint.**

58. Swink then noticed that Plaintiff had witnessed the whole thing and tried to approach him. Plaintiff walked away.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in Paragraph 58 of Plaintiff's Complaint.**

59. On January 19, 2022, Defendant Oakland yelled at Plaintiff saying that he has "a bad attitude" and "needs to get his ass up to work."

**ANSWER: Defendants deny Paragraph 59 of Plaintiff's Complaint.**

60. Defendant Oakland then clarified that he was not singling Plaintiff out, despite the fact that Defendant Oakland never treated any other assembler in this manner.

**ANSWER: Defendants deny Paragraph 60 of Plaintiff's Complaint.**

61. Plaintiff never experienced this type of supervision prior to filing his complaint with the Iowa Civil Rights Commission.

**ANSWER: Defendants deny Paragraph 61 of Plaintiff's Complaint.**

62. On April 21, 2022, Dan Groenenboom, a maintenance employee of Defendant John Deere, came to do repair work near Plaintiff's workstation.

**ANSWER: Defendants deny Paragraph 62 of Plaintiff's Complaint.**

63. Plaintiff asked Groenenboom if he was there to fix some broken lights, but Groenenboom responded that he would not fix the lights because he thought

Plaintiff would like it better "with the lights off, since it's easier for you to hide." Plaintiff made it clear that he did not find this racist joke funny or acceptable.

**ANSWER: Defendants deny Paragraph 63 of Plaintiff's Complaint.**

64. Plaintiff then complained about Groenenboom's remarks to his Team Lead, Luke Pingel, who did nothing about the racist remarks.

**ANSWER: Defendants deny Paragraph 64 of Plaintiff's Complaint.**

65. Plaintiff is constantly worried about what will happen next and is walking on eggshells to avoid angering his supervisors who are always watching him.

**ANSWER: Defendants deny Paragraph 65 of Plaintiff's Complaint.**

66. This is a summary, with examples, of the discrimination, harassment, and retaliation Plaintiff has suffered on a daily basis during his employment at Defendant John Deere.

**ANSWER: Defendants deny Paragraph 66 of Plaintiff's Complaint.**

67. On May 19, 2022 Plaintiff was granted short term disability leave from Defendants as a result of the mental distress and emotional distress he suffered because of the discrimination and harassment he has endured.

**ANSWER: Defendants admit Plaintiff is on leave and currently receiving short term disability benefits. Defendants deny the remaining allegations in Paragraph 67 of Plaintiff's Complaint.**

## COUNT 1: VIOLATION OF 42 U.S.C. SECTION 1981
## AGAINST ALL DEFENDANTS

68. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–67, above.

**ANSWER: Defendants incorporate their responses to the allegations contained in Plaintiff's Complaint.**

69. Defendants subjected Plaintiff to unwelcome conduct by harassing, threatening, and humiliating him through the use of racial slurs and racially charged language.

**ANSWER: Defendants deny Paragraph 69 of Plaintiff's Complaint.**

70. This conduct was severe and pervasive. On a daily basis, Plaintiff was subjected to racist harassment from his co-workers and supervisors.

**ANSWER: Defendants deny Paragraph 70 of Plaintiff's Complaint.**

71. Race was a motivating factor for Defendants' actions.

**ANSWER: Defendants deny Paragraph 71 of Plaintiff's Complaint.**

72. Plaintiff complained about the race discrimination he experienced and otherwise opposed practices made unlawful by 42 U.S.C. section 1981.

**ANSWER: Defendants admit that Plaintiff made a complaint and Deere conducted an investigation after receiving Plaintiff's complaints. Defendants deny any further allegations in Paragraph 72 of Plaintiff's Complaint.**

73. Defendants retaliated against him because of his race and because of his complaints opposing discrimination.

**ANSWER: Defendants deny Paragraph 73 of Plaintiff's Complaint.**

74. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

**ANSWER: Defendants deny Paragraph 74 of Plaintiff's Complaint.**

75. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

**ANSWER: Defendants deny Paragraph 75 of Plaintiff's Complaint.**

WHEREFORE, Defendants Deere and Company, Camile Colon and Kristi Christensen request the Court dismiss Count 1 of Plaintiff's Complaint, costs be assessed against Plaintiff and for any and all other relief the Court deems just and equitable.

### COUNT 2 — RACE AND SKIN COLOR DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT DEERE & CO.

77. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1–76, above.

**ANSWER: Defendants incorporate their responses to the allegations made in Plaintiff's Complaint.**

78. Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

**ANSWER: Defendants admit Paragraph 78 of Plaintiff's Complaint.**

79. Plaintiff experienced discrimination on the basis of his race and skin color.

**ANSWER: Defendants deny Paragraph 79 of Plaintiff's Complaint.**

80. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

**ANSWER: Defendants admit Paragraph 80 of Plaintiff's Complaint.**

81. Plaintiff complained about race discrimination he experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act.

**ANSWER: Defendants admit Plaintiff made a complaint and deny the remaining allegations of Paragraph 81 of Plaintiff's Complaint.**

82. Defendants, their agents, and/or employees retaliated against him because of his race and because of his complaints opposing discrimination.

**ANSWER: Defendants deny Paragraph 82 of Plaintiff's Complaint.**

83. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not

limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

**ANSWER: Defendants deny Paragraph 83 of Plaintiff's Complaint.**

84. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

**ANSWER: Defendants deny Paragraph 84 of Plaintiff's Complaint.**

WHEREFORE, Defendants Deere and Company, Camile Colon and Kristi Christensen request the Court dismiss Count 2 of Plaintiff's Complaint, costs be assessed against Plaintiff and for any and all other relief the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Any action Defendants took with respect to Plaintiff was for legal business reasons.

3. Defendants exercised reasonable care to prevent and correct any discriminatory, harassing, or retaliatory behavior.

4. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant Deere or to avoid harm otherwise.

5. Plaintiff's damages, if any, were caused or contributed to by his own actions over which Defendants had no control.

6. To the extent any unlawful conduct occurred, which Defendants deny, Defendant Deere took prompt and remedial action.

7. To the extent Defendant made any decisions related to Plaintiff, it would have made the same decision notwithstanding any implicated protection.

8. To the extent Plaintiff inserts facts and claims in this litigation not raised and preserved with the Iowa Civil Rights Commission and/or the EEOC, Defendants assert they are barred from failure to preserve and comply with the administrative scheme, and would be untimely if asserted herein and/or barred for failure to exhaust administrative remedies.

9. If Plaintiff was damaged in any amount, he failed to mitigate his damages, and therefore, recovery is either barred or must be reduced proportionately.

10. No action taken by Defendants with respect to Plaintiff was done with malice or any willful, wanton or reckless disregard for Plaintiff's rights or with the intent of violating the laws of the state of Iowa.

11. To the extent that, after the imposition of any adverse employment action against Plaintiff, Defendants discovered or discovers evidence in the course of the investigation or defense of this case that Plaintiff engaged in conduct for which Defendant Deere would have terminated Plaintiff, Plaintiff's right to recovery from the date of such discovery is barred.

12. To the extent that an impermissible motive was a factor in any adverse employment action against Plaintiff, which Defendants deny, Plaintiff's recovery is restricted because Defendant Deere would have taken the same employment action against Plaintiff absent such challenged motivation.

13. Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, judicial estoppel, or unclean hands.

14. Any questions of law or fact at issue in this case are barred by nature of comity, issue preclusion, and legal preclusion to the extent they are finally resolved in the State Court case Plaintiff brought on June 29, 2022, and currently pending before the Iowa District Court for Polk County

15. Defendants reserve the right to assert additional defenses as Plaintiff's claims are developed during the court of this litigation.

WHEREFORE, Defendants Deere and Company, Camile Colon and Kristi Christensen request the Court dismiss Plaintiff's Complaint and Jury Demand at Plaintiff's cost.

/s/ Michele L. Brott
Michele L. Brott, AT0010068
Logan Kraus, AT0013433
DENTONS DAVIS BROWN P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: michele.brott@dentons.com
Email: logan.kraus@dentons.com


ATTORNEYS FOR DEFENDANTS
DEERE AND COMPANY, CAMILE
COLON AND KRISTI CHRISTENSEN

Roxanne Conlin
Devin Kelly
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, Iowa 50321-2418
Email: roxanne@roxanneconlinlaw.com
Email: dkelly@roxanneconlinlaw.com
cc:    dpalmer@roxanneconlinlaw.com

ATTORNEYS FOR PLAINTIFF

Kenneth R. Munro
MUNRO LAW OFFICE, P.C.
4844 Urbandale Avenue, Suite B
Des Moines, IA 50310
Email: ken.munro@munrolawoffice.com

ATTORNEY FOR DEFENDANT JAKE
OAKLAND

| PROOF OF SERVICE | |
|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>February 11, 2023</u>, by: | |
| ___ U.S. Mail | ___ FAX |
| ___ Hand Delivered | ___ Overnight Courier |
| ___ Email | X CM-ECF |
| Signature: <u>/s/ Michele L. Brott</u> | |